# Exhibit 1

EFiled: Oct 06 2020 02:50PM EDT
Transaction ID 65994373
Case No. N20C-10-053 ASB

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DONALD HEISER AND JEAN HEISER, <br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, A/K/A BUFFALO PUMPS, INC.;<br>ARMSTRONG INTERNATIONAL, INC.;<br>BW/IP INC., as successor to BYRON JACKSON PUMPS;<br>CBS CORPORATION, A DELAWARE CORP. F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORP., A PENNSYLVANIA CORP. F/K/A WESTINGHOUSE ELECTRIC CORP.;<br>CLEAVER-BROOKS, INC., F/K/A CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC.;<br>CRANE CO.;<br>ELLIOTT TURBOMACHINERY CO., INC.;<br>FMC CORPORATION INDIVIDUALLY & AS SUCCESSOR TO NORTHERN PUMP COMPANY, COFFIN, CHICAGO PUMP COMPANY;<br>FOSTER WHEELER ENERGY CORPORATION;<br>GARDNER DENVER, INC.;<br>GOULDS PUMPS, INC.;<br>GRINNELL LLC, FORMERLY KNOWN AS GRINNELL | C.A. No.:<br><br>ASBESTOS<br><br>JURY TRIAL DEMANDED |

| |
|---|
| CORPORATION, SUED INDIVIDUALLY AND AS SUCCESOR IN INTEREST TO GRINNELL FIRE PROTECTION SYSTEMS COMPANY, INC.; |
| IMO INDUSTRIES, INC.; |
| ITT CORPORATION; |
| JOHN CRANE INC.; |
| METROPOLITAN LIFE INSURANCE COMPANY; |
| WARREN PUMPS, LLC; |
| Defendants. |

# COMPLAINT

## COMMON ALLEGATIONS

1. Plaintiff DONALD HEISER resides at 2630 Northridge Drive, Gautier, MS. His date of birth is February 3, 1936.

2. Plaintiff JEAN HEISER resides at 2630 Northridge Drive, Gautier, MS. Her date of birth is May 6, 1941.

3. Defendant AIR & LIQUID SYSTEMS CORPORATION, A/K/A BUFFALO PUMPS, INC. is a foreign business entity doing business in the State of Delaware and is subject to service of process, in accordance with 10 Del. C. § 3104, 874 Oliver Street, North Tonawanda, NY 14120-3298.

4. Defendant ARMSTRONG INTERNATIONAL, INC. is a foreign business entity doing business in the State of Delaware and is subject to service of process at Defendant's address by Certified Mail, Return Recept Requested in accordance

2

with 10 Del. C. § 3104, whose registered agent for service of process is 900 Maple Street, Three Rivers, MI 49093-2347.

5.      Defendant BW/IP INC., as successor to BYRON JACKSON PUMPS is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

6.      Defendant CBS CORPORATION, A DELAWARE CORP. F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORP., A PENNSYLVANIA CORP. F/K/A WESTINGHOUSE ELECTRIC CORP., is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7.      Defendant CLEAVER-BROOKS, INC., F/K/A CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC. is a Delaware Corporation whose registered agent for service of process is The Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

8.      Defendant CRANE CO. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

9.      Defendant ELLIOTT TURBOMACHINERY CO., INC. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10. Defendant FMC CORPORATION INDIVIDUALLY & AS SUCCESSOR TO NORTHERN PUMP COMPANY, COFFIN, CHICAGO PUMP COMPANY is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

11. Defendant FOSTER WHEELER ENERGY CORPORATION is a Delaware Corporation whose registered agent for service of process is United Agent Group Inc., 3411 Silverside Road, Tatnall Building #104, Wilmington, DE 19810.

12. Defendant GARDNER DENVER, INC. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

13. Defendant GOULDS PUMPS, INC.is a foreign business entity doing business in the State of Delaware and is subject to service of process, in accordance with 10 Del. C. § 3104, CT Corporation, 111 8th Avenue, New York, NY 10011.

14. Defendant GRINNELL LLC, FORMERLY KNOWN AS GRINNELL CORPORATION, SUED INDIVIDUALLY AND AS SUCCESOR IN INTEREST TO GRINNELL FIRE PROTECTION SYSTEMS COMPANY, INC. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

15. Defendant IMO INDUSTRIES, INC. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

16. Defendant ITT CORPORATION is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

17. Defendant JOHN CRANE INC. is a Delaware Corporation whose registered agent for service of process is: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

18. Defendant METROPOLITAN LIFE INSURANCE COMPANY is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

19. Defendant WARREN PUMPS, LLC is a Delaware Limited Liability Company whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## COUNT I

20. Plaintiff(s) reallege Paragraphs 1 through 19 of this Complaint and incorporate them herein by reference.

21. Plaintiff, DONALD HEISER , was wrongfully exposed to asbestos, an inherently dangerous toxic substance, as described below:

5

Plaintiff DONALD HEISER , experienced occupational and bystander exposure to asbestos while he while he was in the US Navy as a Second Class Engineman from 1956 to 1959on the USS Bang and as a Machinists Mate from 1961 to 1975 on the USS Scamp, the USS Haddo, the USS Marioano G. Vallejo, the Comsubron Seven, the Comsubron Fifteen, and the USS Plunger; and as a production control employee at Ingalls Shipbuilding in Pascagoula, MS from 1976-2011. Plaintiff DONALD HEISER , was exposed to asbestos-containing boilers, furnaces, steam traps, turbines, pumps, valves, packing, gaskets, insulation, and pipe manufactured by Defendants AIR & LIQUID SYSTEMS CORPORATION, A/K/A BUFFALO PUMPS, INC.; ARMSTRONG INTERNATIONAL, INC.; BW/IP INC., as successor to BYRON JACKSON PUMPS; CBS CORPORATION, A DELAWARE CORP. F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORP., A PENNSYLVANIA CORP. F/K/A WESTINGHOUSE ELECTRIC CORP.; CLEAVER-BROOKS, INC., F/K/A CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC.; CRANE CO.; ELLIOTT TURBOMACHINERY CO., INC.; FMC CORPORATION INDIVIDUALLY & AS SUCCESSOR TO NORTHERN PUMP COMPANY, COFFIN, CHICAGO PUMP COMPANY; FOSTER WHEELER ENERGY CORPORATION;

6

GARDNER DENVER, INC.; GOULDS PUMPS, INC.; GRINNELL LLC, FORMERLY KNOWN AS GRINNELL CORPORATION, SUED INDIVIDUALLY AND AS SUCCESOR IN INTEREST TO GRINNELL FIRE PROTECTION SYSTEMS COMPANY, INC.; IMO INDUSTRIES, INC.; ITT CORPORATION; JOHN CRANE INC.; WARREN PUMPS, LLC, and/or their predecessors in interest; manufactured by Defendants.

22. Plaintiff DONALD HEISER was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

23. The substantive state law that should apply to this case is Maritime Law or Mississippi to the extent there is no conflict with the public policy of Delaware.

24. As a result of the Defendants' wrongful conduct, Plaintiff DONALD HEISER developed the following asbestos-related diseases and health problems: Lung Cancer; and other asbestos-related injuries and diseases.

25. As a result of Defendants' wrongful conduct which caused Plaintiff DONALD HEISER 's asbestos-related diseases and health problems, Plaintiff DONALD HEISER , has suffered and will suffer extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity and loss of enjoyment of life, all of which are recoverable under applicable law.

26. The above injuries have or will in the future result in a decrease of past or future earnings and various other past and future expenses Plaintiff(s) would not have otherwise incurred.

## COUNT II

27. Plaintiff(s) reallege Paragraphs 1 through 26 of this Complaint and incorporate them herein by reference.

AIR & LIQUID SYSTEMS CORPORATION, A/K/A BUFFALO PUMPS, INC.;
ARMSTRONG INTERNATIONAL, INC.;
BW/IP INC., as successor to BYRON JACKSON PUMPS;
CBS CORPORATION, A DELAWARE CORP. F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORP., A PENNSYLVANIA CORP. F/K/A WESTINGHOUSE ELECTRIC CORP.;
CLEAVER-BROOKS, INC., F/K/A CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC.;
CRANE CO.;
ELLIOTT TURBOMACHINERY CO., INC.;
FMC CORPORATION INDIVIDUALLY & AS SUCCESSOR TO NORTHERN PUMP COMPANY, COFFIN, CHICAGO PUMP COMPANY;
FOSTER WHEELER ENERGY CORPORATION;
GARDNER DENVER, INC.;
GOULDS PUMPS, INC.;
GRINNELL LLC, FORMERLY KNOWN AS GRINNELL CORPORATION, SUED INDIVIDUALLY AND AS SUCCESOR IN INTEREST TO GRINNELL FIRE PROTECTION SYSTEMS COMPANY, INC.;
IMO INDUSTRIES, INC.;
ITT CORPORATION;
JOHN CRANE INC.;
METROPOLITAN LIFE INSURANCE COMPANY;
WARREN PUMPS, LLC

were at all times pertinent, directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-containing products. They were also engaged in the

8

development, manufacture, distribution, sales, licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

28. As a direct and proximate result of the above wrongful activities of the Defendants, Plaintiff DONALD HEISER was exposed to asbestos and subsequently developed the asbestos-related disease discussed and sustained the injuries described herein.

## COUNT III

29. Plaintiff(s) reallege Paragraphs 1 through 28 of this Complaint and incorporate them herein by reference.

30. The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death, Defendants,

    a) Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

    b) Failed to adequately warn all potential victims of asbestos including the Plaintiff DONALD HEISER as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

c) Failed to adequately test, research, investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff DONALD HEISER and others similarly situated;

d) Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers which resulted in adding to the exposure of the Plaintiff DONALD HEISER and others similarly situated; and

e) Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

31. As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT IV

32. Plaintiff realleges Paragraphs 1 through 31 of this Complaint and incorporate them herein by reference.

33. The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff DONALD HEISER and others similarly situated:

a) Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

b) Failed to adequately warn all the potential victims of asbestos including Plaintiff DONALD HEISER as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

c) Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff DONALD HEISER and others similarly situated;

d) Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff DONALD HEISER and others similarly situated; and

e) Failed to take adequate steps to remedy the above failure, including but not limited to recall asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

34. As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT V

35. Plaintiff realleges Paragraphs 1 through 34 of this Complaint and incorporate them herein by reference.

36. Asbestos and asbestos-containing products are inherently dangerous and as such, Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff DONALD HEISER for all injuries and damages which were contracted thereby.

37. Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff DONALD HEISER for all the injuries and damages which were contracted thereby.

38. The handling of asbestos packages, installation, removal and use of asbestos is an ultra-hazardous activity and Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff DONALD HEISER 'S injuries which were caused thereby.

39. The Defendants as manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff DONALD HEISER for all injuries caused thereby.

40. As a direct and proximate result of the above action and omissions of Defendants, Plaintiff DONALD HEISER was injured as described herein.

## COUNT VI

41. Plaintiff realleges Paragraphs 1 through 40 of this Complaint and incorporate them herein by reference.

42. The Defendants, knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally for their own economic gain:

    a) Conceal the existence, nature and extent of that risk; and,

    b) Failed to disclose the existence, nature and extent of that risk to Plaintiff DONALD HEISER and those similarly situated.

43. The Defendants had reason to expect that Plaintiff DONALD HEISER , whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would be materially affected by the aforementioned concealment and nondisclosure.

44. As a result of Defendants' concealment and failure to disclose the existence, nature, and extent of the significant risks of health hazards resulting from exposure to asbestos, Plaintiff DONALD HEISER used products manufactured, supplied, distributed, sold, installed, re-branded, and/or maintained by Defendants.

45. As a direct and proximate result of the above action and omissions of Defendants, Plaintiff was injured as described herein.

## COUNT VII

46. Plaintiff realleges Paragraphs 1 through 45 of this Complaint and incorporate them herein by reference.

47. During all times that Plaintiffs allege exposure, the Defendants directly and indirectly, for their own economic gain misrepresented that asbestos was not hazardous and/or could be used safely when they:

    a) Had no adequate basis for such representations;

    b) Knew that a significant health hazard to human life existed from asbestos.

48. Defendants had reason to expect that as a result of such representation, Plaintiff DONALD HEISER and others similarly situated would be exposed to asbestos.

49. Plaintiff DONALD HEISER relied upon Defendants' misrepresentation, and as a result, used products manufactured, supplied, distributed, sold, installed, re-branded, and/or maintained by Defendants.

50. As a result of this wrongful representation, Plaintiff DONALD HEISER was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

51. Plaintiff realleges Paragraphs 1 through 50 of this Complaint and incorporate them herein by reference.

52. The Defendant, METROPOLITAN LIFE INSURANCE COMPANY, knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted other manufacturers of asbestos products in keeping the Plaintiff DONALD HEISER and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

53. As a result of this conspiracy, Plaintiff DONALD HEISER was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

54. Plaintiff realleges Paragraphs 1 through 53 of this Complaint and incorporate them herein by reference.

55. Even after the dangers of asbestos finally began to be known to Plaintiff DONALD HEISER or others similarly situated, Defendant, METROPOLITAN LIFE INSURANCE COMPANY, continued to act wrongfully individually and in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

      a)    Prevent and delay Plaintiff DONALD HEISER and others similarly situated from filing legal action to recover for these injuries and/or;

      b)    Defeat and/or delay such legal actions and the final collection of any judgment.

56. Similarly, Defendant METROPOLITAN LIFE INSURANCE COMPANY, aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

57. As a result of this wrongful representation, Plaintiff DONALD HEISER was exposed to asbestos and suffered the injuries referred to herein.

## COUNT X

58. Plaintiffs realleges Paragraphs 1 through 57 of this Complaint and incorporate them herein by reference.

59. Plaintiff JEAN HEISER is the wife of Plaintiff DONALD HEISER .

60. That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, Plaintiff JEAN HEISER, has been deprived of the companionship, love, consortium, society and services of her husband.

    WHEREFORE, Plaintiff(s) demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to

prejudgment and post-judgment interest, as would be necessary to compensate the Plaintiff(s) for the injuries they have and will suffer. Plaintiff(s) further demand judgment against each of the Defendants for punitive damages. Plaintiff(s) further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action. Plaintiff(s) further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**NAPOLI SHKOLNIK LLC**

By: /s/ R. Joseph Hrubiec
 R. Joseph Hrubiec (#5500)
 919 North Market Street, Suite 1801
 Wilmington, DE 19801
 Telephone: (302) 330-8025
 RHrubiec@NapoliLaw.com
  *Attorney for Plaintiff(s)*

Dated:  October 6, 2020